UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>VINCENTE GONZALEZ, et al. )<br>  )<br>  Defendants. ) | Case No. 3:22-cr-30007-MGM |

MEMORANDUM AND DECISION ON DEFENDANT'S MOTION FOR
RECONSIDERATION OF BAIL
(Dkt. No. 76)

ROBERTSON, U.S.M.J.

1. Relevant Procedural History

Defendant Vincente Gonzalez ("Defendant") was arrested on a complaint on March 10, 2022. He had an initial appearance on that date, at which time the government moved for pretrial detention, invoking the rebuttable presumption that arises under 18 U.S.C. § 1342(e)(3) when a defendant is charged with a violation of the Controlled Substances Act for which a maximum term of imprisonment of ten years or more is prescribed (Dkt. No. 10). Following consultation with counsel, Defendant agreed to the court's entry of an order of pretrial detention without prejudice to review of the issue of pretrial release at a later date (Dkt. Nos. 28, 29). On March 24, 2022, the grand jury indicted Defendant on charges of conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine and possession of a firearm in furtherance of a drug trafficking offense (Dkt. No. 40). Defendant was arraigned on the charges on April 11, 2022, entering a plea of not guilty to each charge (Dkt. No. 49). On April 20, 2022, Defendant filed a motion for release from custody (Dkt. No. 51). The court held an evidentiary hearing on the motion on April 26, 2022, at which a detective of the Holyoke Police Department

1

testified, and exhibits were introduced (Dkt. No. 55).  On April 27, 2022, the court issued its order, finding that the government had not proved by a preponderance of the evidence that no condition or combination of conditions would reasonably assure Defendant's appearances as required, but had proved by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community if Defendant was released pending trial (Dkt. No. 56).  On May 10, 2022, Defendant obtained new counsel (Dkt. No. 63).  On June 29, 2022, Defendant filed the instant Motion for Reconsideration of Bail (Dkt. No. 76).

II.     Discussion

> As the foregoing procedural history shows, the question of Defendant's release was litigated at a full evidentiary hearing.  Defendant does not cite this court to any law that would authorize holding a second or subsequent detention hearing, and the court is aware of no such authority.  Accordingly, I will treat Defendant's motion for reconsideration for release as an appeal to reopen the detention hearing under Section 3142(f).

*United States v. Mateo Soto*, Criminal No. 16-10350-RGS, 2017 WL 3705797 (D. Mass. Aug. 25, 2017).

In pertinent part, 18 U.S.C. § 3142(f)(2)(B) provides that:

> [t]he hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

So far as appears from Defendant's motion, he has not identified any new information that was not known to Defendant at the time of the detention hearing.  Nor has he identified any condition of pretrial release that was not, or could not have been, suggested by Defendant at the detention hearing.  Instead, it appears that Defendant seeks reconsideration on the ground that the

2

court erred in its determination that there are no conditions of pretrial release that will reasonably assure the safety of another or the community because the court relied on a June 1, 2021, incident recorded on a videotape the government introduced at the detention hearing (Dkt. No. 76-1 at 4).  The videotape showed a man entering premises at 298 Elm Street, Holyoke.  The government introduced evidence from court-authorized wiretaps to show that Defendant controlled these premises as a drug distribution point from which an organization he headed distributed 500 to 600 grams of powder and crack cocaine every month (Dkt. No. 69 at 30).[1] Defendant argues that the man who entered 298 Elm Street on June 1, 2021, was the aggressor in the incident, that the videotape did not show that Defendant brought a firearm to the scene, and that, although the videotape showed Defendant brandishing a firearm, he did not fire it or use it in any way other than to "ward off his aggressor" (Dkt. No. 76-1 at 4).[2]  Further, he argues, law enforcement officers came upon the scene and did not intervene, showing that there was no real threat of violence.

First, Defendant's contentions ignore or misstate the evidence related to the incident.  The government's witness testified that the officers only arrived at the tail end of the scene and "had no idea exactly what had just occurred" (Dkt. No. 69 at 20).  The officer testified that the incident caused police officers sufficient concern that they immediately started conducting surveillance in the area and ramped up their investigation into activities at 298 Elm Street (Dkt. No. 69 at 20, 54).  More to the point, Defendant's argument ignores the other evidence on which

---

[1] The amount came from a drug ledger seized by law enforcement officers at 298 Elm Street on execution of a search warrant (Dkt. No. 69 at 55).
[2] Defendant contends that he was also warding off this purported aggressor's female companion who was also in possession of a gun.  There was no such evidence at the hearing and the contention is only advanced by argument of counsel, which does not carry any evidentiary weight.

the court relied in finding that there were no conditions of release that would reasonably assure the safety of another and the community if Defendant was released pending trial. The government's witness, a Holyoke police officer, testified to the history of violence associated with the defense of drug distribution points in Holyoke like the one at 298 Elm Street (Dkt. No. 69 at 10-11). Whether the Defendant was the aggressor was beside the point. A reasonable inference from the videotape and other evidence was that Defendant was prepared to use violence, including using a firearm, to defend the premises at 298 Elm Street because he was using the premises as a drug distribution point (Dkt. No. 69 at 9-10). In addition to the evidence from the videotape, the officer testified to multiple intercepted statements by Defendant to the effect that an individual whom Defendant believed had robbed a drug distribution point adjacent to 238 Elm Street should be shot (Dkt. No. 69 at 36-38), and statements by Defendant that showed that Defendant knew there was a gun at 298 Elm Street (Dkt. No. 69 at 43).

  Further, the government presented evidence of the results of search warrants it executed at Defendant's home and at other premises the government alleges Defendant used for purposes of distributing controlled substances. Defendant proposes to reside at the apartment at 46 Randall Street where he was living with his significant other when the search warrants were executed (Dkt. No. 69 at 38-39). At that location, the officer testified, the government found a firearm, cash, drug packaging material, and a key to a safe that was next door at 52 Randall Street. These items were found in a hide (Dkt. No. 69 at 39-41). In the safe at 52 Randall Street, officers found eight loaded firearms, a silencer, a large amount of loose ammunition, a drum, or high-capacity, magazine, and body armor or a tactical vest, along with cocaine and a kilo press (Dkt. No. 69 at 41-43). At 298 Elm Street, police officers found a firearm along with drugs, drug packaging materials, cash, and drug ledgers (Dkt. No. 69 at 43). At another location associated

with Defendant's alleged drug trafficking organization, officers found a firearm, ammunition, swat-type gear, and narcotics packaged for sale (Dkt. No. 69 at 44).

Defendant's motion for reconsideration fails to acknowledge the extent of the government's evidence showing the danger to the community posed by Defendant's activities. The nature and circumstances of the offense strongly support the presumption that Defendant is a danger to the community. *See United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991). Defendant offers no new evidence to support his release pending trial and he offers no conditions of pretrial release that he did not propose at the time of the detention hearing. He has not given the court a reason to reconsider its ruling on the government's motion to detain Defendant pending trial.

### III.    Conclusion

For the foregoing reasons, Defendant's Motion for Reconsideration of Bail (Dkt. No. 76) is denied.

It is so ordered.

Dated:  July 15, 2022                                        /s/ Katherine A. Robertson
                                                             KATHERINE A. ROBERTSON
                                                             United States Magistrate Judge