United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America, ) ) ) | |
| v. ) ) | Criminal Action No. 22-30007-NMG |
| Vincente Gonzalez, ) ) | |
| Defendant. ) ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the motion of defendant, Vincente Gonzalez ("defendant"), to withdraw his previously entered plea of guilty to one of the counts pending against him or, in the alternative, to exclude from the upcoming trial of the other count his admissions at his Rule 11 hearing. For the reasons set forth herein, defendant's motion to withdraw will be denied.

I. **Background**

Defendant, along with three co-defendants, was indicted in 2022 on one count of conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C §846 ("Count One"), and one count of possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. §924(c) ("Count Two").

- 1 -

In 2024, defendant sent a letter to this Court pro se indicating his desire to plead guilty to Count One. At a Rule 11 hearing on the matter, defendant further stated that he had contacted his counsel over 100 times indicating his desire to plead guilty to Count One. During the plea colloquy, the government recited the facts it would intend to prove had defendant gone to trial on Count One. Those facts included that defendant used an apartment as a "stash location" where he stored cocaine and firearms. Defendant acknowledged his agreement with those stated facts.

Defendant now contends that the agreed-upon statement of facts could unfairly prejudice him at his trial on Count Two. He asserts that his plea was not voluntary because his previous counsel did not adequately inform him of the potential consequences of his agreement with those facts, namely that they could later be used against him. Defendant moves therefore to withdraw his plea of guilty on Count One or, in the alternative, to exclude from the upcoming trial any admissions made at the Rule 11 hearing.

## II. Legal Standard

It is "well established that a defendant does not have an absolute right to withdraw a guilty plea." United States v. Isom, 85 F.3d 831, 834 (1st Cir. 1996). Instead, a defendant must demonstrate a "fair and just reason" for withdrawal. United

States v. Fonseca, 49 F.4th 1, 6-7 (1st Cir. 2022), cert. denied, 143 S. Ct. 838, 215 L. Ed. 2d 82 (2023) (cleaned up).

To assess whether a defendant has met his burden of showing fair and just cause, the Court must consider "the totality of the circumstances," including 1) whether the plea was knowing and voluntary, 2) the strength of the reason for withdrawal, 3) the timing of the motion to withdraw, 4) whether the defendant has a serious claim of actual innocence, 5) whether the parties had reached a plea agreement and 6) whether the government would "suffer prejudice" if withdrawal is allowed. United States v. Gardner, 5 F.4th 110, 118 (1st Cir. 2021). The most important consideration is whether the plea was knowing and voluntary. Fonseca, 49 F.4th at 6-7 (citing Isom, 580 F.3d at 52).

## III. Application

### A. Knowing and Voluntary Plea

A plea of guilty is knowing and voluntary if the defendant 1) was not subject to coercion, 2) understood the charges against him and 3) understood the consequences of his guilty plea. United States v. Williams, 48 F.4th 1, 6 (1st Cir. 2022).

Withdrawal based upon a lack of knowledge of the consequences of pleading guilty, as defendant claims here, must relate to the "direct consequences" of the defendant's guilty plea. Steele v. Murphy, 365 F.3d 14, 17 (1st Cir. 2004). Direct consequences are those with a "definite, immediate[] and largely

automatic effect on the range of a defendant's punishment." Id.; see, e.g., United States v. Hernandez-Wilson, 186 F.3d 1 (1st Cir. 1999) (recognizing that defendant's eligibility for sentence reduction was direct consequence); United States v. Arce-Ayala, 91 F.4th 28, 38 (1st Cir. 2024) (similar); accord 5 Wayne LeFavre, Crim. Proc. § 21.4(d) (4th ed.) ("Matters concerning the nature of the sentence that could be imposed are most likely to be viewed as direct consequences.").

Where the consequence is one that is merely collateral to the guilty plea, however, a defendant's ignorance of that consequence does not render his plea unknowing and involuntary. See Steele, 365 F.3d at 17; see, e.g., Roe v. Farwell, 999 F. Supp. 174, 182-83 (D. Mass. 1998) (determining that sex offender registration requirements were collateral consequences because they did not directly relate to potential future punishment).

Defendant here argues that his lack of knowledge that his admission could later be used against him is a direct consequence of the plea. He points to no authority, however, indicating that the potential use of his admission at a later proceeding is a direct consequence and the Court is unaware of any. To the contrary, other federal courts have held that the possible evidentiary use of a defendant's plea in a later proceeding is a collateral, not a direct, consequence. See, e.g., United States v. Rengifo, 832 F.3d 220 (3d Cir. 2016);

United States v. Ayala, 601 F.3d 256 (4th Cir. 2010); United States v. Jordan, 870 F.2d 1310 (7th Cir. 1989); United States v. Williams, 104 F.3d 213 (8th Cir. 1997); accord LaFevre, supra, at § 21.4(d) ("[T]he collateral consequences of which the defendant need not be warned . . . include such matters as the possible evidentiary use of [the] plea in later proceedings.").

Based upon the foregoing authority, the Court finds that defendant's ignorance, if any, of the consequences of his admission is not a direct consequence of his guilty plea. It does not relate to defendant's potential future punishment for Count One, nor is the possibility of that statement's admission an automatic result of his plea. Indeed, there is no guarantee that the government will seek to use such information at trial. Without more, this consequence cannot be deemed direct and therefore cannot serve to justify the withdrawal of the plea. See Steele, 365 F.3d at 17 & n.1 (defining direct consequences as "largely automatic" effects that relate only to punishment).

### B. Ineffective Assistance and Other Factors

Defendant also asserts that he should be able to withdraw his plea on the separate but highly related ground that his counsel was ineffective for allegedly failing to advise him that his admissions at the Rule 11 hearing could later be used against him.

Defendant's ineffective assistance claim does not turn on the fact that the consequence is collateral. Padilla v. Kentucky, 559 U.S. 356, 366 (2010). It is instead analyzed under the familiar Strickland standard. Id. (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)). Applying that standard in the plea withdrawal context, the First Circuit Court of Appeals ("the First Circuit") has clarified that a claim of ineffective assistance of counsel places the burden on the defendant to show that: 1) "his attorney's performance fell below an objective level of reasonableness" and 2) "but for this deficient performance" the defendant likely "would not have pled guilty." United States v. Fernandez-Santos, 856 F.3d 10, 17 (1st Cir. 2017) (citing United States v. Caramadre, 807 F.3d 359, 371 (1st Cir. 2015)).

Here, defendant vigorously asserts that his counsel's performance fell below an objective standard of reasonableness but even if it did, defendant has failed to carry his burden of showing that he would not have plead guilty but for such unreasonable performance. Instead, defendant asserts that he would not have pled but for his counsel's alleged failure to apprise him of the consequences of his agreement with the government's statement of facts at the hearing.

The record indicates otherwise. Defendant informed the Court and the government by his own letter of his desire to

plead guilty to Count One. Later, he told the Court he had informed his counsel more than 100 times of his strong desire to plead guilty to Count One. Accordingly, the Court finds that his guilty plea did not hinge upon his counsel's failure to advise and therefore his claim of ineffective assistance of counsel is unavailing.

Based upon careful consideration of the record, the Court further finds that the other applicable factors for withdrawing a guilty plea weigh against withdrawal here. See Gardner, 5 F.4th at 118; Fonseca, 49 F.4th at 6-7. In addition to the knowing and voluntary factor, defendant nowhere claims actual innocence with respect to Count One. As the First Circuit has indicated, a failure to claim actual innocence factors against the withdrawal of a plea. See Isom, 85 F.3d at 839. Defendant's motion to withdraw will therefore be denied.

For the same reasons, the Court agrees with the government that defendant's alternative request that, at the forthcoming trial, this Court should exclude any reference to his admission during his Rule 11 hearing is premature. Specific reference to guns may well be excluded but that will depend upon context and is better left for consideration of in limine motions. Defendant's motion to exclude references will therefore be denied without prejudice.

ORDER

For the foregoing reasons, the motion of defendant, Vincente Gonzalez ("defendant"), (Docket No. 309) is:

1) as to his request to withdraw his guilty plea **DENIED**, and

2) as to his request to exclude evidence of his admissions at his Rule 11 hearing, **DENIED without prejudice.**

**So ordered.**

                                                /s/ Nathaniel M. Gorton
                                                Nathaniel M. Gorton
                                                United States District Judge

Dated: January 7, 2025