UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VICENTE GONZALEZ, a/k/a/ "Vinny,"<br><br>Defendant | CRIMINAL No. 22-cr-30007-NMG-1 |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S "MOTION TO CONTINUE SENTENCING HEARING" (DKT. NO. 392)

The United States of America, by and through United States Attorney Leah B. Foley and

Assistant United States Attorneys Neil L. Desroches and Annapurna Balakrishna (the

"Government") hereby opposes the defendant's "Motion to Continue Sentencing Hearing" (Dkt.

No. 392).

### I.      RELEVANT PROCEDURAL HISTORY

On March 9, 2022, more than four years ago, the defendant was charged by complaint

with conspiring to distribute cocaine and cocaine base.  Dkt. No. 4. The defendant was arrested

the following day.  Dkt. No. 24.  The Court allowed the Government's motion for detention that

same day, and the defendant has been detained since, despite his several subsequent attempts to

obtain his release.  On March 24, 2022, a Grand Jury sitting in Springfield returned an

Indictment charging the defendant with one count of conspiring to distribute and possess with

intent to distribute more than 500 grams cocaine and one count of possessing a firearm in

furtherance of a serious drug offense.  Dkt. No. 40.

Throughout the presentencing phases of this matter, the defendant has caused a number of delays, leading the Magistrate Judge presiding over this matter to lament that "this court repeatedly sought to move Gonzalez's case forward to the presiding District Judge's session, only to be met with [the defendant's] repeated requests for delay." Dkt. No. 180.  The defendant accomplished this delay by filing motions for release based on falsehoods, *see* Dkt. No. 180, and cycling through a "parade of attorneys." Dkt. No. 180With each new attorney, the defendant continued his efforts to delay this matter, causing the Magistrate Judge to observe that "[a]fter Gonzalez retained new counsel, the pattern continued with requests to delay transferring the case to the presiding District Judge." *Id.* .  The docket shows that the defendant has been represented by eight attorneys, many of whom withdrew citing a breakdown of their relationship with the defendant.  *See, e.g.,* Dkt. Nos. 24, 63, 98, 146, 292, and 346.

The defendant pled guilty to only Count One of the Indictment, alleging that he conspired to distribute and possess with intent to distribute more than 500 grams of cocaine, on July 12, 2024, leaving Count Two for trial.  The defendant did not enter into a plea agreement with the Government.  The Court scheduled sentencing on Count One for October 29, 2024.  The defendant then moved for several continuances of the sentencing and trial dates.  On October 1, 2025, pursuant to a plea agreement, the defendant pled guilty to Count Two, and the Court scheduled the sentencing hearing for January 15, 2026.  On January 6, 2026, the defendant moved to continue the sentencing hearing to March 10, 2026. Dkt. No. 374.  The Court allowed the motion to continue and scheduled the hearing for March 12, 2026.

On January 14, 2026, eight days after he moved to continue his federal sentencing, the defendant filed a motion to vacate certain convictions from the Hampden County Superior Court (hereinafter referred to as the defendant's "motion to vacate").  Dkt. No. 392-1.  The motion is

dated January 7, 2026.  On January 15, 2026, a Hampden County Superior Court judge ordered that the Commonwealth respond by April 17, 2026.

On February 7, 2026, the defendant filed another motion to continue the sentencing hearing to a time on or after April 16, 2026.  Dkt. No. 384.  The defendant made no mention of the pending motion to vacate.  The Court allowed that motion and scheduled the sentencing hearing for April 24, 2026.  Dkt. No. 385.   In all, the defendant filed ten motions to continue prior to the instant motion to continue.  Dkt. Nos. 80,163, 227, 271, 287, 314, 329, 333, 374 and 384.

On April 10, 2026, the defendant moved to continue his sentencing hearing by 60 days, citing the motion to vacate that was filed on January 14, 2026, and Commonwealth's briefing deadline of April 17, 2026. Dkt. No. 392.  He argues that these convictions are predicates necessary to establish his status as a career offender and, without them, the United States Sentencing Commission Guidelines Sentencing Range ("GSR") would be lower.  As a career offender, the Defendant's GSR on Count One alone is 262 months to 327 months.  Count Two carries a mandatory consecutive sentence of at least five years, creating a total GSR of 322 months to 397 months.  The Government has advised the defendant that it will make a sentencing recommendation on Count One that is below the GSR.  Dkt. No. 366.

## II.   <u>ARGUMENT</u>

The Court should deny the defendant's motion to continue because it is yet another dilatory tactic designed to indefinitely postpone his sentencing.  The defendant has had since at least July 12, 2024, when he pled guilty to Count One, to file his motion to vacate.  Clearly, the defendant has the wherewithal  to file motions - since he pled guilty, he has filed five motions to

continue and a motion to withdraw his guilty plea – but, instead, he waited a year and a half to file his motion to vacate. This delay suggests that the defendant continues in his efforts to buy as much time as he can before being sent to a federal prison.

Moreover, one of the undersigned Assistant United States Attorneys has discussed the defendant's motion to vacate with the Assistant District Attorney ("ADA") who is assigned to respond on behalf of the Commonwealth of Massachusetts.  The ADA believes that the defendant's motion to vacate stands little chance of success because he cannot make the requisite showings to warrant vacating his guilty plea.  The ADA further advised that, even if the defendant were to prevail, the Commonwealth would appeal such a decision.

Given the defendant's history of delaying this matter, even if his motion to vacate does not succeed, he will likely cause additional, indefinite delays as he considers his appellate options - and his past conduct strongly suggests that he will not do so in an expeditious manner. Therefore, if the Court allows the defendant's instant motion to continue, such an order will undoubtedly begin a series of many similar motions that will result in the indefinite continuance of his sentencing.  While this may be the precise outcome the defendant seeks, it is clearly untenable to pause this matter while the defendant pursues long odds in the Hampden County Superior Court.

Because the litigation of the defendant's motion to vacate is likely to be protracted in this way, the proper remedy is not to continue the sentencing here indefinitely.  Rather, it would be appropriate to allow the process to unfold as it will in state court and, should the defendant prevail, he can then file a motion under 28 U.S.C.§ 2255 to be resentenced.[1]  Although this

---

[1] The defendant did not enter into a plea agreement with the Government prior to pleading guilty to Count One. Therefore, the defendant did not waive his right to collaterally attack the sentence, and a motion under 28 U.S.C.§

process will also take some time, there is little danger that the defendant would overserve a non-career offender sentence because, even if the state court vacates the subject conviction, the defendant's total GSR would likely be at least 248 months to 295 months.[2]

Despite the defendant's claims otherwise, the Government is prejudiced by a further continuance. Delaying sentencing for criminal conduct that occurred more than four years ago has a deleterious effect on deterrence and causes the community the defendant victimized to further suffer from his criminal conduct. The defendant has admitted that he ran a drug distribution organization that took over a city block and used violence to stave off competitors. As the Government has argued at the sentencing of the defendant's co-conspirators, the defendant terrorized the law-abiding residents of Holyoke, and they deserve to know as soon as possible that his conduct, which exposed their homes to an open-air drug market and its attendant violence, will not go unpunished.

## III.    CONCLUSION

Given the defendant's history of causing unreasonable delay, the unlikelihood that the defendant's motion to vacate will succeed, and the likelihood of an indefinite continuance if the

---

2255 may be proper. *See, e.g. Cuevas v. United States,* 778 F.3d 267, 271-272 (1st Cir. 2015) (holding that defendant was entitled to resentencing under 28 U.S.C. § 2255's fourth prong when the convictions upon which the GSR calculations were based were invalidated); *United States v. Eugene*, 392 F.Supp.3d 225, 227-228 (D. Mass. 2019) (allowing motion to vacate filed under 28 U.S.C. § 2255 and ordering a resentencing after predicate conviction was vacated).

[2] The Government asserts the offense level is 34 and, without counting the subject conviction, the defendant's criminal history category is III. The GSR for Count One is 188 months to 235 months, therefore, the total, which includes an additional 60 months to be served consecutively, is 248 months to 295 months.

motion is allowed, the Court should deny the defendant's motion to continue the sentencing hearing that is currently scheduled for April 24, 2026.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:   */s/ Neil L. Desroches*
Neil L. Desroches
Assistant U.S. Attorney

By:   */s/ Annapurna Balakrishna*
Annapurna Balakrishna
Assistant U.S. Attorney

Dated: April 14, 2026

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

By:   */s/ Neil L. Desroches*
Dated: April 14, 2026   Neil L. Desroches
Assistant U.S. Attorney